## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MELISSA McCLAIN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. CIV-22-1091-SLP |
| | ) | |
| CANADIAN COUNTY ex rel. | ) | |
| THE BOARD OF COUNTY | ) | |
| COMMISSIONERS, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## **O R D E R**

Before the Court are several related motions.  First, Defendant Judge Bobby Hughey filed a Motion to Dismiss and Brief in Support, [Doc. No. 4], to which Plaintiffs Melissa McClain, Erin Barton, Cassie Goodfellow, Donna Wehmuller, and Paul Hardaway responded, *see* [Doc. No. 18], and Defendant Hughey replied, *see* [Doc. No. 21].  Second, Defendants Board of County Commissioners of Canadian County ("the County"), Nacole Majors, Melanie Johnson, and Cedric Mills filed a Motion to Dismiss Plaintiffs' Complaint and Brief in Support [Doc. No. 6].  Plaintiffs filed a Response [Doc. No. 17], and those Defendants replied, *see* [Doc. No. 22].

Finally, Plaintiffs filed a Motion to Consolidate [Doc. No. 16].  The County and Defendants Majors, Johnson, and Mills jointly filed a Response [Doc. No. 23].  Defendant Hughey filed a separate Response [Doc. No. 24].  Plaintiffs did not reply, and the time to do so has expired.  For the following reasons, the Motions to Dismiss are GRANTED in part, and the Motion to Consolidate is DENIED.

## I.     Procedural History

Before going any further, the Court must summarize the relevant procedural history of this litigation—particularly with respect to the related case of *Moss v. Board of County Commissioners of Canadian County*, No. 22-cv-127-SLP (W.D. Okla.).  On December 21, 2020, Ronda Moss, Ms. McClain, Ms. Barton, Ms. Wehmuller, and Robert Fletcher filed a state-court action in Canadian County.  *See Moss*,[1] [Doc. No. 1-1].  They amended their state-court pleadings twice, eventually adding Ms. Goodfellow and Mr. Hardaway as plaintiffs.[2]  *See Moss*, [Doc. Nos. 1-8, 1-23].  The Second Amended Petition, which is the operative pleading in *Moss*, pursues relief against six defendants—the County, Daniel Kern, Judge Hughey, Ms. Majors, Ms. Johnson, and Mr. Mills.[3]  *See Moss*, [Doc. No. 1-23].

The *Moss* defendants timely removed the action to this Court on February 14, 2022.  *See Moss*, [Doc. No. 1].  The seven *Moss* plaintiffs are all former employees of the Canadian County Childrens Justice Center ("CCCJC").  At a high level, the claims in *Moss* stem from Judge Hughey's decision to hire Mr. Kern as the CCCJC facility director, Mr. Kern's alleged actions during his tenure, and the resulting fallout.  *See generally Moss*, [Doc. No. 1-23].  The operative pleading in *Moss* asserts 19 claims for relief.  *See id*.

---

[1] Citations to docket entries in *Moss* refer to the related case, No. 22-cv-127-SLP (W.D. Okla.).  Otherwise, document citations reference the CM/ECF docket in this action.

[2] Ms. Moss and Mr. Fletcher are the only *Moss* plaintiffs not party to this action.

[3] The County, Mr. Hughey, Ms. Majors, Ms. Johnson, and Mr. Mills are all named as defendants in the instant matter.  Mr. Kern is not.

On March 23, 2022, the *Moss* plaintiffs filed a Motion to for [sic] Extension of Time to File an Amended Complaint Pursuant to Fed.R.Civ.P. 15(a)(1)(B).  *Moss*, [Doc. No. 22]. They explained that the EEOC had recently issued Right to Sue letters for certain claims, and that other claims still remained pending before the EEOC and were therefore unexhausted.  *See id.* at 11.  As a result, the *Moss* plaintiffs asked the Court to extend their deadline to file a Third Amended Complaint until May 9, 2022—after they would have exhausted all administrative remedies.  *Id.*  They sought relief under Federal Rule of Civil Procedure 15(a)(1)(B), claiming they could amend as a matter of course.  *See id.* at 13.  The defendants opposed the request, arguing that because the *Moss* plaintiffs had already amended the pleadings as a matter of course in state court, they could not do so again in this Court.  *See Moss*, [Doc. No. 26] at 4.  The Court agreed with the defendants, concluding the plaintiffs could amend their complaint only "with the Court's leave or written consent under Rule 15(a)(2)."  *Moss*, [Doc. No. 32] at 2.  Because the *Moss* plaintiffs had not properly sought relief under Rule 15(a)(2), however, the Court did not analyze the request under that Rule.  The Court clarified that "[n]othing in [its] Order should be construed as the Court taking a position on whether a properly filed motion to amend under Rule 15(a)(2) would be granted or denied."  *Id.* at 4, n.3.

But the *Moss* plaintiffs never sought leave to amend under Rule 15(a)(2).  Instead, on March 20, 2022, five of the seven *Moss* plaintiffs filed the instant action in Canadian County state court, naming five of the six *Moss* defendants.  The Defendants in this action timely filed their removal notice, *see* [Doc. No. 1], and the case was transferred to the undersigned because it is related to the pending *Moss* action.  Defendants have now moved

to dismiss this action.  *See* [Doc. Nos. 4, 6].  They argue, inter alia, that Plaintiffs engaged in impermissible claim splitting by filing a second lawsuit instead of seeking leave to amend the *Moss* pleadings under Rule 15(a)(2).  *See* [Doc. No. 4] at 20–22; [Doc. No. 6] at 13–15.

Before they responded to Defendants' dismissal motions, Plaintiffs filed a motion asking the Court to (1) consolidate *Moss* and *McClain* and (2) grant leave to amend to file a consolidated amended complaint.  *See* [Doc. No. 12].  The Court struck that motion, in part because Plaintiffs included multiple requests for relief in a single motion, in violation of Local Civil Rule 7.1(c).  Thereafter, Plaintiffs filed the instant Motion, in which they ask the Court to consolidate *Moss* and *McClain*, primarily to simplify the litigation.[4]  They also claim they will "file a Motion to Amend the Consolidated Case upon the granting of the granting of [sic] the Motion to Consolidate."  [Doc. No. 16] at 2, n.4.  Defendants oppose consolidation, arguing this action should be dismissed instead.

Although Plaintiffs ask the Court to "rule on Plaintiffs' Motion to Consolidate and anticipated Motion for Leave to File a Consolidated Amended Complaint *before* it addresses" Defendants' dismissal motions, [Doc. No. 17] at 7, this is an impossible ask. The Court cannot rule on an "anticipated" motion that has not yet been filed.  Accordingly, the Court addresses the dismissal motions first before addressing the Motion to Consolidate.

---

[4] Plaintiffs filed a similar motion in the *Moss* action.  *See Moss*, [Doc. No. 60].

## II.    Legal Standard

### a.  *Claim Splitting*

A plaintiff has an "obligation to bring all related claims together in the same action [] under the common law rule of claim preclusion prohibiting the splitting of actions." *Stone v. Dep't of Aviation*, 453 F.3d 1271, 1278 (10th Cir. 2006).  The claim-splitting doctrine empowers district courts to "control their dockets by dismissing duplicative cases."  *Katz v. Gerardi*, 655 F.3d 1212, 1217 (10th Cir. 2011).  A later-filed action is subject to dismissal for claim splitting if "the first suit, assuming it were final, would preclude the second suit."[5]  *Id.* at 1218.  The second suit would be precluded where the "identity of parties or privies" and the "identity of the cause of action in both suits" are the same.  *Lenox MacLaren Surgical Corp. v. Medtronic, Inc.*, 847 F.3d 1221, 1239 (10th Cir. 2017) (quoting *King v. Union Oil Co. of Cal.*, 117 F.3d 443, 445 (10th Cir. 1997)).

Causes of action share the same identity when they "arise from the same transaction, event, or occurrence."  *Nwosun v. Gen. Mills Restaurants, Inc.*, 124 F.3d 1255, 1257 (10th Cir. 1997).  "'[A]ll claims arising from the same employment relationship constitute the same transaction or series of transactions for claim preclusion purposes,' at least when all the facts underlying the later-filed suits 'were in existence at the time the first suit was filed.'"  *Gabriel v. Melton Truck Lines*, No. 22-5008, 2022 WL 1275242, at *1 (10th Cir.

---

[5] The Court has subject matter jurisdiction over both *Moss* and the instant action because Plaintiffs seek relief under federal law.  *See* 28 U.S.C. § 1331.  Accordingly, the Court's analysis relies on federal preclusion law.  *See Taylor v. Sturgell*, 553 U.S. 880, 891 (2008) (citing *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 507–508 (2001)).  The Court need not decide whether state or federal preclusion law applies to the state-law claims present in this action because it declines to exercise supplemental jurisdiction over those claims.

Apr. 29, 2022) (first quoting *Wilkes v. Wyoming Dep't of Emp. Div. of Lab. Standards*, 314 F.3d 501, 504 (10th Cir. 2002); and then quoting *Mitchell v. City of Moore*, 218 F.3d 1190, 1202 (10th Cir. 2000)), *cert. denied*, 143 S. Ct. 232 (2022), *and cert. denied*, 143 S. Ct. 236 (2022).

### b. *Consolidation*

Federal Rule of Civil Procedure 42(a) permits a district court to consolidate actions that "involve a common question of law or fact." The Court has discretion to determine whether consolidation is appropriate, and may "weigh the saving of time and effort that consolidation under Rule 42(a) would produce against any inconvenience, delay, or expense that it would cause for the litigants and the trial judge." 9A C. Wright & A. Miller, *Federal Practice and Procedure* § 2383 (3d ed.); *see also Yapp v. Excel Corp.*, 186 F.3d 1222, 1229 (10th Cir. 1999). When cases are consolidated, they "retain their separate identities," although "district courts may [] consolidate cases for 'all purposes' in appropriate circumstances." *Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018).

### III.  Analysis

### a. *Claim Splitting*

The federal claims in this action are subject to dismissal under the claim-splitting doctrine. All five Plaintiffs and all five Defendants in this case are already party to the earlier-filed *Moss* action. And the claims in both actions stem from the Plaintiffs' employment with the CCCJC. In fact, Plaintiffs appear to concede that the elements of claim splitting are met. When they unsuccessfully moved to amend the *Moss* pleadings as a matter of course, Plaintiffs unequivocally claimed that "all of [their] claims arise out of

the same operative facts and circumstances," such that "all of their individual tort and EEOC claims may be brought in the same suit, not separately, under mandatory joinder requirements."[6]  *Moss*, [Doc. No. 22] at 5.  They also describe this action as "a continuation of the related *Moss*" case, explaining that "*Moss* concerns events that occurred during the Plaintiffs' employment" by the CCCJC, while "this case concerns later events, including Plaintiffs' terminations."  [Doc. No. 17] at 7.  But because Plaintiffs' terminations stem from their employment with the CCCJC, they are not a separate transaction for preclusion purposes.

Nevertheless, dismissal may not be warranted if the "facts giving rise to the second lawsuit . . . were [not] in existence at the time the first suit was filed."  *Mitchell*, 218 F.3d at 1202 (emphasis added).  But Plaintiffs have not identified any *facts* that were unknown at the time they filed their Second Amended Petition in *Moss*.[7]  Instead, Plaintiffs argue that several of the *legal claims* asserted here were unexhausted when they filed the operative *Moss* pleading.  This argument, which has been routinely rejected, is unavailing. *See, e.g.*, *Haynes v. Kansas*, 261 F. App'x 87, 89 (10th Cir. 2008) (rejecting "argument that EEOC filing requirements prevent plaintiffs from raising discrimination claims in an initial suit"); *Juarez-Galvan v. United Parcel Serv.*, No. 13-4046-SAC, 2014 WL 61467, at *7

---

[6] Indeed, some of the language from the operative *Moss* pleading is nearly identical to that found in the operative pleading here.  *Compare* [Doc. No. 1-2] ¶¶ 869–889, *with Moss*, [Doc. No. 1-23] ¶¶ 928–948.

[7] To the contrary, Plaintiffs' Second Amended Petition in Moss makes clear that the factual basis for the unexhausted claims was known.  *See Moss*, [Doc. No. 1-23] at 10 ("As of the filing of this Second Amended Petition[,] there are outstanding tort claims and EEOC Charges which will necessitate the further amended of this document after service . . . .").

(D. Kan. Jan. 8, 2014) (dismissing second action for claim splitting where plaintiff "br[ought] sequential Title VII cases arising from the same employment relationship" and could have "amend[ed] the first case to include claims based on subsequent events"); *Wilkes*, 314 F.3d at 506 (affirming preclusive effect of earlier judgment on newly filed Title VII action where plaintiff did not move to amend earlier pleading or seek a stay while exhausting administrative remedies). The doctrine against claim splitting "requires a plaintiff to join all claims together that the plaintiff has against the defendant *whenever during the course of the litigation related claims mature* and are able to be maintained." *Stone*, 453 F.3d at 1278 (emphasis in original). "Thus, even if an additional claim does not mature until well after the initial complaint has been filed, the plaintiff nevertheless must seek to amend the complaint to add additional claims as a compulsory claim when the additional claim can be brought." *Id.* at 1278–79.

To be sure, Plaintiffs did seek leave to amend the *Moss* pleadings. *See Moss*, [Doc. No. 22]. But the Court denied that motion on purely procedural grounds, ruling Plaintiffs could not amend *as a matter of course* because they had already done so before removal. *See Moss*, [Doc. No. 32] at 1–2. The Court never reached the merits of Plaintiffs' substantive arguments in favor of amendment. Indeed, it expressly declined to weigh in on whether those arguments would succeed if brought pursuant to Rule 15(a)(2)—the proper procedural mechanism. *See id.* at 4, n.3. But Plaintiffs chose not to file a motion under Rule 15(a)(2), opting instead to file a duplicative action in state court.[8]

---

[8] Again, nothing in this Order should be construed as an opinion on the merits of a properly filed Rule 15(a)(2) motion.

Plaintiffs claim they considered moving to amend the *Moss* pleadings but "reasonably concluded that they would not likely receive a ruling on a motion for leave to amend (which Defendants had already stated they opposed) before the expiration of the administrative deadline." [Doc. No. 17] at 14–15. The Court does not find this conclusion to be reasonable, however. Even assuming the Court would not have ruled on a Rule 15(a)(2) motion before the administrative deadlines ran—a purely speculative assumption since Plaintiffs never filed such a motion—the timing of the Court's *ruling* is irrelevant.

> A number of courts have addressed the situation where the petition for leave to amend the complaint has been filed prior to expiration of the statute of limitations, while the entry of the court order and the filing of the amended complaint have occurred after the limitations period has expired. In such cases, the amended complaint is deemed filed within the limitations period.

*Mayes v. AT & T Info. Sys., Inc.*, 867 F.2d 1172, 1173 (8th Cir. 1989) (citing cases); *see also May v. Segovia*, 929 F.3d 1223, 1232 (10th Cir. 2019); *Plott v. Advanced Comfort Techs., Inc.*, No. 1:18-CV-00048-TC, 2019 WL 7290487, at *2 (D. Utah Dec. 30, 2019). Accordingly, the Court exercises its discretion to dismiss the federal claims in this later-filed action on claim-splitting grounds.

In light of the dismissal of the federal claims, the Court declines to exercise jurisdiction over the remaining state-law claims. A "district court[] may decline to exercise supplemental jurisdiction over a claim" if, *inter alia*, it "has dismissed all claims over which it has original jurisdiction."[9]  28 U.S.C. § 1367(c)(3). "The Supreme Court has encouraged the practice of dismissing state claims or remanding them to state court when

---

[9] No party has suggested that the Court has original jurisdiction over the state-law claims.

the federal claims to which they are supplemental have dropped out before trial." *Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1238 (10th Cir. 2020).    Similarly, the Tenth Circuit has "repeatedly recognized that [declining supplemental jurisdiction] is the preferred practice." *Gaston v. Ploeger*, 297 F. App'x 738, 746 (10th Cir. 2008).   The Court sees no reason to deviate from the preferred practice under the circumstances presented here.   *See Jara v. Standard Parking*, 753 F. App'x 558, 561 (10th Cir. 2018) (affirming district court's declination of supplemental jurisdiction after it dismissed federal claims on claim-splitting grounds).

### b.   *Consolidation*

For the reasons stated above, the Court will dismiss this action without prejudice. Accordingly, Plaintiffs' request to consolidate the cases is moot, as only one case remains. But even if that were not the case, the Court is unconvinced that consolidation would be appropriate under these circumstances.    Plaintiffs' argument in favor of consolidation requires the Court to assume that their motion to amend will be granted, despite the fact that no such motion has been filed.   Further, Defendants apparently oppose amendment, although it is not clear on what grounds.   *See* [Doc. No. 16] at 7.   Plaintiffs do not address what would happen if the hypothetical motion were not granted—a troubling omission given Defendants' opposition.    In short, the Court is unwilling to consolidate cases when the primary justification for doing so hinges on an opposed motion which remains unfiled.

Finally, Plaintiffs claim they seek consolidation to "promote judicial economy" and "creat[e] efficiencies in the litigation."   *Id.* at 3; *see also* [Doc. No. 18] at 14 ("Certainly, Plaintiffs agree that, as a matter of efficiency, this case should be brought as one action

with *Moss*, hence the reason for Plaintiffs' pending Motion to Consolidate and anticipated Motion for Leave to file a Consolidated Amended Complaint."). But this rationale ignores the fact that Plaintiffs' litigation tactics have caused the procedural complexities they now wish to cure. Plaintiffs never sought leave to amend the *Moss* complaint under Rule 15(a)(2), electing instead to file a second action in state court.[10] And Plaintiffs did not seek to consolidate the actions until after Defendants raised the issue of claim splitting in their dismissal motions. These tactical decisions have stalled this litigation and wasted time and resources.[11] Although Plaintiffs now appear to be attempting to clean up the procedural mess they've made, it strains credulity to do so under the guise of efficiency.

## IV.   Conclusion

IT IS THEREFORE ORDERED that the Motion to Dismiss and Brief in Support [Doc. No. 4] and Motion to Dismiss Plaintiffs' Complaint and Brief in Support [Doc. No. 6] are GRANTED in part, as set forth herein. The federal claims in this action are DISMISSED WITHOUT PREJUDICE. A separate judgment will be entered contemporaneously with this Order.

IT IS FURTHER ORDERED the remaining state-law claims are REMANDED to the District Court of Canadian County, State of Oklahoma, pursuant to 28 U.S.C. § 1367(c)(3). The Clerk of the Court is directed to take all necessary actions required to

---

[10] Had Defendants not removed this action to federal court, it could not have been consolidated with *Moss*. Thus, any claim that a second action was filed for efficiency purposes is dubious.

[11] Plaintiffs decry the amount of time it takes federal district courts to rule on motions, *see* [Doc. No. 18] at 13–14, yet their counsel's conduct has undoubtedly impaired the Court's ability to reach the merits of their claims.

remand the remaining portion of this case to the District Court of Canadian County, State of Oklahoma.

IT IS FURTHER ORDERED that the Motion to Consolidate [Doc. No. 16] is DENIED as moot.

IT IS SO ORDERED this 24th day of January, 2024.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE